UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CAPITAL FOREST PRODUCTS, INC.,,

                          Plaintiff,

-against-

EQUICYCLE, LLC,

                          Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

**20-CV-2373 (GRB) (ST)**

**TISCIONE, United States Magistrate Judge:**

Plaintiff Capital Forest Products ("CFP" or "Plaintiff") brought this civil action against Defendant Equicycle, LLC ("Equicycle" or "Defendant") for breach of contract and other relief related to an alleged nonpayment of goods. *See generally* Compl., ECF No. 1. On July 9, 2020, Plaintiff moved for default judgement. *See generally* Mot. Default J., ECF No. 10. On August 27, 2020, the Honorable Gary R. Brown granted Plaintiff's motion in part, finding that Plaintiff established its right to default judgment, and referred the matter to me to conduct an inquest to establish the appropriate amount of damages. *See* Order, 20-CV-2373 (E.D.N.Y. Aug. 27, 2020). Accordingly, on October 29, 2020, this Court held a damages inquest. *See* Minute Entry, 20-CV-2373 (E.D.N.Y. Oct. 29, 2020), ECF No. 20.

Based on a review of the evidence presented in Plaintiff's filings and at the October 29, 2020 damages inquest hearing, I respectfully recommend that the District Court award Plaintiff damages in the amount of $79,837.50, prejudgment interest in the amount of $7,753.92 plus $19.68 for each day until the date of entry of judgment, and costs and disbursements in the amount of $525.00.

      **I.**      **BACKGROUND**

CFP is a distributor of building products, including lumber and plywood, incorporated in

Maryland. Compl. ¶ 4, ECF No.1.  Equicycle is a New York limited liability company that, *inter alia*, supplies wood stall shavings to horse barns at horse racing tracks. *Id.* ¶ 5.  Beginning in 2017 and continuing through 2020, Equicycle regularly ordered wood shavings from CFP, which were recorded in invoices by CFP. *Id.* ¶ 6-7.  Pursuant to those invoices, CFP duly delivered wood shavings which were unconditionally accepted by Equicycle. *Id.* ¶ 8.  Further, the invoices each required payment within fifteen days of the invoiced date. *Id.* ¶ 7.

From November 15, 2019 through April 15, 2020, Equicycle placed 35 orders of wood shavings totalling $183,456.00, which were recorded on 35 separate invoices (collectively the "Invoices"). *Id.* ¶ 7.  At the time the Complaint was filed, Equicycle had made no payments other than one partial payment of $3,618.50 toward the first of the Invoices. *Id.*  Thus, CFP brought this action to recover the outstanding balance of $179, 837.50, plus incidental damages, applicable interest, costs, and reasonable attorney's fees. *See* Compl., ECF No 1.

On July 9, 2020, CFP filed a motion for default judgement as Equicycle had failed to respond or otherwise answer the Complaint. *See* Mot. Default J., ECF No. 10.  In their motion, CFP requested that the Court award an updated amount of $164,837.50 in damages, prejudgement interest of 9% from February 15, 2020 until the date of judgment, and litigation costs totalling $525[1]. Decl. of David A. Berger ("Berger Decl.") ¶ 1, ECF No. 10-1.  CFP explained that, while Equicycle had still failed to answer the Complaint, CFP's counsel had been in contact via email with Francis Lawrence, the principal at Equicycle, who had stated, "we are going to make good on the outstanding balance." Berger Decl. ¶ 15, ECF No. 10-1; *see* Mot. Default J. Ex. 7 ("Emails"), ECF No. 10-8.  To that end, Equicycle had made three payments to CFP on June 5,

---

[1] $525.00 includes the $400.00 court filing fee and a $125 fee for a process server. *See* Berger Decl. ¶ 19, ECF No. 10-1.

2020, July 1, 2020, and July 6, 2020, of $5,000 each. Berger Decl. ¶ 13, 17. Equicycle did not specify to what outstanding invoice the payments should be applied, but reduced the total outstanding balance to $164,837.50. *Id.* ¶ 18.

On August 21, 2020, CFP filed a letter with the court, again requesting that the Court enter default judgment against Equicycle. *See* Pl.'s Letter, ECF No. 13. In that letter, CFP explained that Equicycle had continued to make incremental pauments toward the outstanding balance. *Id.* Accordingly, CFP again reduced the amount of dagames that they were requesting to $144, 837.50. *Id.* In response to CFP's letter, the Honorable Gary R. Brown found that CFP had established its right to default judgment, and referred the matter to me to conduct an inquest to establish the appropriate amount of damages. *See* Order, 20-CV-2373 (E.D.N.Y. Aug. 27, 2020).

On October 29, 2020, this Court held a damages inquest. *See* Minute Entry, 20-CV-2373 (E.D.N.Y. Oct. 29, 2020), ECF No. 20. In support of their request for damages, CFP presented testimony from their Chief Financial Officer ("C.F.O.") Bryant O'Kane. (*See* Transcript of Inquest Hearing at 3:3-17). In his capacity as C.F.O. of CFP, Mr. O'Kane handles "[a]ll financial accounting of operations," and is familiar with Equicycle and their account with CFP. (Tr. at 3:22-4:11). Mr. O'Kane explained that, beginning in March 2020, Equicycle ceased making payments for the wood shavings they ordered to CFP. (Tr. at 4:14-17). Mr. O'Kane produced copies of the Invoices issued to Equicycle between November 15, 2019, and April 15, 2020, totalling $183, 456.00. (Tr. at 4:18-5:8); Mot. Default J. Ex. 5 ("Invoices"), ECF No. 10-6. Further, Mr. O'Kane explained that each invoice stated that payment was due within fifteen days of the invoice's date, and that Equicycle had never taken issue with the delivered goods, nor disputed their corresponding Invoices. (Tr. at 5:9-14). Mr. O'Kane noted that before March 2020, the only payment towards the Invoices that CFP received from Equicycle was a partial payment of

3

$3,683.00, which reduced the outstanding balance to $179,387.50, which was the amount demanded in the Complaint. (Tr. at 5:19-6:1, 7:1-12); *see* Compl., ECF No. 1.

Mr. O'Kane stated that, from the date this action was commenced to the date on which CFP filed its motion for default judgement, Equicycle had made three payments to CFP of $5,000.00 each on: (1) June 5, 2020 (Tr. at 10:3-5); (2) June 24, 2020 (Tr. at 13:1-3); and, (3) July 1, 2020 (Tr. 13: 11-14), reducing the total outstanding balance to $164,837.50. (Tr. at 13:15-20).

Since the date on which CFP filed its motion for default judgment to the date of the inquest, Equicycle had continued to make payments to CFP. (Tr. at 14:16-18). Mr. O'Kane stated that Equicycle had made nine payments to CFP of $5,00.000 each on: (1) July 17, 2020 (Tr. at 14:23-24); (2) July 24, 2020 (Tr. at 15:4-5); (3) July 31, 2020 (Tr. at 15:10-12); (4) August 14, 2020 (Tr. 15:16-18); (5) September 4, 2020 (Tr. 15:23-25); (6) September 11, 2020 (Tr. at 16:4-6); (7) October 2, 2020 (Tr. at 16:7-12); (8) October 9, 2020 (Tr. at 16:13-18); and, (9) October 16, 2020 (Tr. at 16:19-25), and one payment of $10,000.00 on October 26, 2020 (Tr. at 17:15-23) further reducing the total outstanding balance to $109,837.50 (Tr. at 19:4-8).

During the inquest, CFP offered into evidence two additional exhibits not contained in its motion for default judgment. The Court admitted the exhibits into evidence and instructed COF to file them on ECF, which they did on October 30, 2020. *See* Decl. of Allison R. Levinson ("Levinson Decl."), Ex. 12, ECF No. 21-1; Ex. 13, ECF No. 21-2. Since then, CFP has filed six letters and supporting bank account statements updating the total outstanding balance due from Equicycle. *See* Pl.'s Nov. 6, 2020 Letter, ECF No. 22; *see* Pl.'s Nov. 20, 2020 Letter, ECF No. 23; *see* Pl.'s Nov. 30, 2020 Letter, ECF No. 24; *see* Pl.'s Jan. 15, 2021 Letter, ECF No. 25; *see* Pl.'s Feb. 12, 2021 Letter, ECF No. 26; *see* Pl.'s Feb. 22, 2021 Letter, ECF No. 27. As summarized in the February 22, 2021 letter, Equicycle has made additional payments to CFP further reducing the

4

outstanding balance to $79,837.50. *See* Pl.'s Feb. 22, 2021 Letter, ECF No. 27.

## II.   DISCUSSION

Once a defendant is found to be in default, he is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Unlike liability, allegations in connection with damages are not deemed admitted for the purposes of a default judgment. *See Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. It is the plaintiff's burden to establish their entitlement to damages. *See Bricklayers Ins. & Welfare Fund v. Primo Brick, Inc.,* 2013 WL 2120338, at *4 (E.D.N.Y. Apr. 3, 2013), *adopted by*, 2013 WL 2120318 (E.D.N.Y. May 15, 2013). "[T]he district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty." *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) (citation omitted). However, when considering evidence submitted by the plaintiff in an inquest for damages, the plaintiff is "entitled to all reasonable inferences from the evidence offered." *Au Bon Pain*, 653 F.2d at 65.

Here, CFP seeks damages for the heretofore unpaid invoices that amount to $79,837.50 (*see* Pl.'s Feb. 22, 2021 Letter, ECF No. 27), prejudgment interest of 9% from February 15, 2020 until the date of judgment, and costs and disbursements totalling $525. Berger Decl. ¶ 1, ECF No. 10-1. In support, CFP submitted the following documentation: the declaration of Plaintiff's counsel, David A. Berger (Berger Decl., ECF No. 10-1); the Invoices (*see* Mot. Default J. Ex. 5, ECF No. 10-6); the Emails (*see* Mot. Default J. Ex. 7, ECF No. 10-8); a notice of electronic filing receipt (*see* Mot. Default J. Ex. 8, ECF No. 10-9); a process server receipt (*see* Mot. Default J. Ex. 9, ECF No. 10-10); and a memorandum of law in support of their motion (Mem. of Law, ECF No. 10-12).

Additionally, the Court held an inquest on damages on October 29, 2020, at which Bryant O'Kane, CFP's C.F.O. testified and two added exhibits were entered into evidence: an October. 27, 2020 Transaction Detail (Levinson Decl., Ex. 12, ECF No. 21-1; and, a October 27, 2020 Accounts Receivable Aged Trial Balance Report for Equicycle (Levinson Decl., Ex. 13, ECF No. 21-2).

Finally, CFP's submitted post-inquest letters and their respective supporting Transaction Details and Accounts Receivable Aged Trial Balance Reports for Equicycle on: November 6, 2020 (Pl.'s Nov. 6, 2020 Letter, ECF No. 22); November 20, 2020 (Pl.'s Nov. 20, 2020 Letter, ECF No. 23); November 30, 2020 (Pl.'s Nov. 30, 2020 Letter, ECF No. 24); January 15, 2021 (Pl.'s Jan. 15, 2021 Letter, ECF No. 25); February 12, 2021 (Pl.'s Feb. 12, 2021 Letter, ECF No. 26); and February 22, 2021 (Pl.'s Feb. 22, 2021 Letter, ECF No. 27).

**A. Unpaid Invoices**

CFP seeks damages under New York law for the unpaid invoices under theories of breach of contract, action for the price of goods, account stated, and unjust enrichment. *See* Compl., ECF No. 1. The four theories of liability in this case only support one recovery, which is the same under the contractual theory and the equitable theory. *See, e.g.*, *Ortho Sleep*, 2012 WL 6621288, at *11.

The evidence submitted by CFP during the pendency of this case regarding the unpaid invoices supports the damages sought. CFP had alleged and provided evidence that, as of the filing of their motion for default judgement, $179, 837.50 of wood shavings were delivered to Defendant, as confirmed by invoices filed with the Court, without payment. *See* Berger Decl. ¶ 1, ECF No. 10-1; Invoices, ECF No. 10-6). Thereafter, through the testimony of Mr. O'Kane and

additional submissions, CFP has shown that Equicycle has made payment towards the total unpaid invoices such that $79,837.50 remains.

CFP's documentary submissions, allegations, and testimony at the inquest provide a sufficient basis from which to evaluate the fairness of their claimed damages and demonstrate the amount of indebtedness owed to them. *See Conceria Vignola SRL v. AXA Hldgs., LLC*, 2010 WL 3377476, at *4 (S.D.N.Y. Aug. 3, 2010), *adopted by*, 2010 WL 3385260 (S.D.N.Y. Aug. 23, 2010). Therefore, I respectfully recommend that Plaintiff be awarded $79,837.50 in damages arising out of the remaining outstanding balance of the original 35 invoices upon which payment was not made.

### B. Prejudgement Interest

CFP also seeks prejudgment interest at a rate of 9% per annum from February 15, 2020. Berger Decl. ¶ 1; *see also* Compl., ECF No. 1. The award of prejudgment interest is a substantive issue, governed here by New York law. *Terwilliger v. Terwilliger*, 206 F.3d 240, 249 (2d Cir. 2000) (citation omitted); *Gov't Emps. Ins. Co. v. IAV Med. Supply, Inc.*, 2013 WL 764735, at *8 (E.D.N.Y. Feb. 8, 2013) (citations omitted), *adopted by*, 2013 WL 765190 (E.D.N.Y. Feb. 28, 2013). Under New York law, "interest shall be recovered upon a sum awarded because of a breach of performance of a contract . . . except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." N.Y. C.P.L.R. 5001(a) (McKinney). Because Plaintiff's breach of contract claim was successful, Plaintiff is owed prejudgment interest.[2]

---

[2] Even if Plaintiff's breach of contract claim were unsuccessful, the Court has discretion to make its own interest determination in an action based on equitable theories. *Silverman & Silverman*, 2015 WL 7118246, at *4-5. Here, even if the Court's recommendation were based solely on the equitable theories of account stated or unjust enrichment, the Court would also respectfully recommend an award of prejudgment interest to provide full compensation to

Under New York law, prejudgment interest is "computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. 5001(b) (McKinney); *see also Israel v. Benefit Concepts New York, Inc.*, 9 F. App'x 43, 45 (2d Cir. 2001) (failing to utilize a single reasonable intermediate date or to calculate from each date damages were incurred "affords the plaintiff a windfall, and hence penalizes the defendant, in contravention of the compensatory purpose of [CPLR] 5001") (internal quotation marks and citation omitted).

CFP requests that February 15, 2020, the midpoint between the earliest invoiced date, November 30, 2019, and the latest invoiced date, April 30, 2020 be used to calculate the interest. *See* Berger Decl. ¶ 1; Mem. of Law at 11-12, ECF No. 10-12. "Calculating interest from this date would yield a smaller interest award than using numerous dates, in an invoice-by-invoice calculation . . . As Plaintiff is thus proposing a conservative approach, which would yield less interest than that to which it is entitled," I respectfully recommend that its approach be adopted. *Li & Fung (Trading) Ltd. v. Contemporary Streetwear, LLC*, 2013 WL 3757080, at *9 (S.D.N.Y. June 6, 2013) (citations omitted), *adopted by*, 2013 WL 3744119 (S.D.N.Y. June 28, 2013); *see also Conceria Vignola*, 2010 WL 3377476, at *5 (recommending adoption of plaintiff's proposed interest "calculation method yield[ing] a smaller interest award than an invoice-by-invoice calculation would") (citation omitted). Therefore, I respectfully recommend that

---

Plaintiff. *See Augustin v. Jablonsky*, 819 F. Supp. 2d. 153, 178 (E.D.N.Y. 2011) ("[T]he underlying purpose of prejudgment interest . . . is the need to fully compensate the wronged party for the actual damages suffered, i.e., to make him whole.") (internal quotation marks and citations omitted).

8

Plaintiff be awarded 9% interest per annum pursuant to N.Y. CPLR 5004 (McKinney) for the period from February 15, 2020 to the date of entry of judgment. 394 days have passed between February 15, 2020 and the date of this Report and Recommendation. As such, the Court recommends an award of $7,753.92 in prejudgment interest, plus a daily award of $19.68 for each day until the date of entry of judgment.[3]

### C.  Costs and Disbursements

Finally, Plaintiff seeks costs and disbursements in the amount of $525.00, accounting for $400.00 for the clerk's filing fee and a $125 process server fee. See Berger Decl. ¶ 19, ECF No. 10-1. CFP has provided proof of both the filing fee (*see* Mot. Default J. Ex. 8, ECF No. 10-9), and the process server fee (*see* Mot. Default J. Ex. 9, ECF No. 10-10). Therefore, I respectfully recommend that Plaintiff be awarded $525.00 in costs and disbursements.

### III.    CONCLUSION

For the foregoing reasons, I respectfully recommend that the District Court award Plaintiff: $79,837.50 in damages for the remaining outstanding balance of the unpaid invoices; prejudgment interest in the amount of $7,753.92, plus $19.68 for each day until the date of entry of judgment; and costs and disbursements in the amount of $525.00.

### IV.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court

---

[3] $79,837.50 * .09 = $7,185.38 (rounded up to the nearest cent) yearly interest. $7,185.38 / 365 days = $19.68 (rounded up to the nearest cent) in prejudgment interest per day. $19.68 * 394 days = $7,753.92 in prejudgment interest as of the date of this Report and Recommendation.

of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                           /s/
                                      Steven L. Tiscione
                                      United States Magistrate Judge
                                      Eastern District of New York

Dated: Central Islip, New York
        March 14, 2021